UNITED STATES COURT OF APPEALS FOR
THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| MARCELLUS WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 24-2907 |
| | ) | |
| | ) | Capital Case |
| DAVID VANDERGRIFF, | ) | Execution Scheduled for: |
| | ) | September 24, 2024 |
| Respondent. | ) | |

**<u>Motion to Dismiss Appeal, or in the alternative,<br>Motion to Deny Application<br>for Second or Successive Habeas Petition</u>**

Respondent asks the Court to dismiss Petitioner Marcellus Williams's appeal or, in the alternative, to treat his notice of appeal as a request for a second or successive habeas petition and deny it.

**Summary of the Pleading**

Petitioner Marcellus Williams filed a notice of appeal in this Court, challenging his St. Louis County convictions for first degree murder, first degree burglary, first degree robbery, and two counts of armed criminal action. Williams ostensibly seeks to challenge the district court's denial of his Rule 60(b)(6) motion for relief from judgment, which re-asserted a claim, previously denied in both state and federal courts, based on *Batson*

1

*v. Kentucky*, 476 U.S. 79 (1986). Williams claims that "new evidence," in the form of prosecutor Keith Larner's testimony during a RSMo § 547.031 (2021) hearing in state court, supports re-litigating his previously-denied *Batson* claim(s). Respondent moves to dismiss the appeal or, in the alternative, deny a request to file a second or successive habeas petition.

## Statement of the Case

Williams is an inmate at the Potosi Correctional Center in Mineral Point, Missouri. More than twenty-five years ago, on August 11, 1998, Williams murdered F.G. in her home. *State v. Williams*, 97 S.W.3d 462, 466 (Mo. 2003) (*Williams I*). A jury convicted Williams of first-degree murder, first-degree burglary, and first-degree robbery, and two counts of armed criminal action. *Id*. The court sentenced Williams to death for the first-degree murder. *Id*.

Williams filed a direct appeal in the Supreme Court of Missouri. *Id*. After a full and fair briefing opportunity, the Supreme Court of Missouri issued a unanimous opinion denying Williams's appeal and affirming the circuit court's judgment of conviction. *Id*. at 466, 475. Williams petitioned the United States Supreme Court for a writ of certiorari to review the decision of this Court affirming the circuit court's judgment of conviction.

2

*Williams v. Missouri*, 539 U.S. 944, 944 (2013) (mem.). The petition was denied. *Id.*

Williams then filed a motion for post-conviction relief under Rule 29.15. *See Williams v. State*, 168 S.W.3d 433, 438 (Mo. 2005) (*Williams II*). In his amended motion, Williams asserted at least twenty-two claims for post-conviction relief. *Id.* at 438–47. After Williams received a full and fair opportunity to litigate his post-conviction motion, the motion court denied his motion for post-conviction relief. *See id.* at 439. Williams appealed the motion court's denial of his post-conviction motion. *Id.* The Supreme Court of Missouri issued a unanimous opinion affirming the circuit court's denial of Williams's post-conviction motion. *Id.* at 447.

Williams then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 2254. *Williams v. Roper*, 4:05-CV-01474-RWS, 2010 WL 11813203 (E.D. Mo. Sep. 12, 2005) (*Williams III*). After the federal district court initially granted Williams habeas relief, the United States Court of Appeals for the Eighth Circuit reversed the district court's judgment and denied Williams federal habeas relief. *Williams v. Roper*, 695 F.3d 825, 839 (8th Cir. 2012) (*Williams IV*). Williams petitioned the

3

United States Supreme Court for a writ of certiorari to review the decision of the Eighth Circuit denying his petition for writ of habeas corpus. *Williams v. Steele*, 571 U.S. 839, 839 (2013) (mem.). The petition was denied. *Id.* On December 17, 2014, the Supreme Court of Missouri issued an execution warrant scheduling Williams to be executed on January 28, 2015. *Williams I*, SC83934 (Mo. Dec. 17, 2014).

On January 12, 2015, Williams filed a civil rights suit against then St. Louis County Prosecuting Attorney, Robert P. McCulloch, seeking a release of DNA evidence for testing. Doc. 7, *Williams v. McCulloch*, 4:15-CV-00070-RWS, 2015 WL 222170 (E.D. Mo. Jan. 14, 2015) (*Williams V*). On January 14, 2015, the district court denied Williams's 42 U.S.C. § 1983 complaint sua sponte as "the complaint [was] frivolous and fail[ed] to state a claim upon which relief can be granted." *Williams V*, 4:15-CV-00070-RWS (E.D. Mo. Jan. 14, 2015).

On January 9, 2015, Williams filed a petition for a writ of habeas corpus in the Supreme Court of Missouri. *See* Petition, *Williams v. Steele*, SC94720 (Mo. Jan. 9, 2015) (*Williams VI*). In that petition, Williams alleged that further DNA testing could demonstrate he was innocent of the murder of [F.G.] *See id.* The Supreme Court of Missouri stayed its

previously issued execution warrant for further habeas corpus proceedings. *Williams I*, SC83934 (Mo. Jan. 22, 2015). The Supreme Court of Missouri appointed a special master and ordered the special master to "ensure DNA testing of appropriate items at issue in this cause and to report to this Court the results of such testing." *Williams VI*, SC94720 (Mo. May 26, 2015). On January 31, 2017, after receiving the special master's report, the Supreme Court of Missouri denied Williams's petition for a writ of habeas corpus. Order, *Williams VI*, SC94720 (Mo. Jan. 31, 2017). On April 26, 2017, the Supreme Court of Missouri issued an execution warrant scheduling Williams to be executed on August 22, 2017. *Williams I*, SC83934 (Mo. Apr. 25, 2017). Williams sought review of the Supreme Court's denial by filing a petition for writ of certiorari with the United States Supreme Court. *Williams v. Steele*, 16-8963 (2017). On June 26, 2017, the petition was denied. *Id.*

On August 14, 2017, Williams filed another petition for a writ of habeas corpus in the Supreme Court of Missouri. *Williams v. Larkin*, SC96625 (Mo. August 15, 2017) (*Williams VII*). On the next day, August 15, 2017, the Supreme Court of Missouri denied Williams's petition for a writ of habeas corpus. *Id.* Williams sought review of the Supreme Court's

5

denial by filing a petition for writ of certiorari with the United States Supreme Court. *Williams v. Larkins*, 17-5641 (2017). On June 26, 2017, the petition was denied. *Id.*

On August 22, 2017, former Governor Eric Greitens issued Executive Order 17-20, which included an executive stay of Williams's execution. Executive Order 17-20. On June 29, 2023, Governor Parson issued Executive Order 23-06, which dissolved the board and lifted the executive stay of Williams's execution. Executive Order 23-06. On June 30, 2023, the Attorney General filed a renewed motion to set Williams's execution date in this Court. *Williams I*, SC83934 (Mo. Jun. 30, 2023). On June 4, 2024, the Supreme Court of Missouri issued an order directing Williams's "sentence to be executed during the twenty-four hour period beginning at 6:00 p.m. on September 24, 2024. *Williams I*, SC83934 (Mo. Jun. 4, 2024).

On January 26, 2024, the Prosecuting Attorney for the 21st Judicial Circuit of Missouri filed a motion under RSMo § 547.031 (2021), to vacate the first-degree murder conviction and death sentence of Marcellus Williams. *In re: Prosecuting Attorney, 21st Judicial Circuit, ex rel. Marcellus Williams v. State of Missouri*, 24SL-CC00422 (St. Louis Cnty.

6

Cir. Ct.). The motion raised four claims: (1) that Williams "may be" actually innocent of the first-degree murder, (2) that Williams's trial counsel provided ineffective assistance in failing to better impeach two witnesses for the State who testified that Williams confessed to them, (3) that Williams's trial counsel provided ineffective assistance in failing to present different mitigating evidence "contextualizing" Williams's "troubled background," and (4) that the State committed *Batson* violations by allegedly exercising peremptory strikes of jurors on the basis of race. In denying Williams's motion to withdraw the most recently issued execution warrant, the Missouri Supreme Court held that it has already considered and rejected the four claims. *State v. Williams*, --- S.W.3d ---, 2024 WL 3402597, at *3 n.3 (Mo. Jul. 12, 2024).

On August 21, 2024, the date on which the evidentiary hearing was originally scheduled in the case, the Prosecuting Attorney's Office and Williams entered into what purported to be a consent judgment vacating Williams's first-degree murder conviction and death sentence. Under that consent judgment, Williams entered a plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to first-degree murder in exchange for a sentence of life without parole. The Attorney General immediately

7

sought a writ of prohibition from the Missouri Supreme Court, which was granted. On August 22, 2024, the circuit court vacated the consent judgment and rescheduled the evidentiary hearing for August 28, 2024. On August 28, 2024, the circuit court held an evidentiary hearing on the claims and received evidence from the parties, including testimony from David Thompson, Judge Joseph L. Green, Dr. Charlotte Word, Judge Christopher E. McGraugh, Keith Larner, and Patrick Henson. *See* Resp. Ex. T; Resp. Ex. U. On September 12, 2024, the Circuit Court of St. Louis County, Missouri denied the RSMo § 547.031 motion.

## I. The Court should dismiss Williams's appeal.

Respondent moves this Court to dismiss Williams's appeal. Rule 47A(b). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court…" 28 U.S.C. § 2253(c)(1), (c)(1)(A).

The district court found that Williams's 60(b)(6) motion was actually "a successive habeas petition which I cannot entertain absent permission from the United States Court of Appeals for the Eighth

8

Circuit." Order at 2. The district court was correct. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). Because Williams's 60(b)(6) motion only sought to revisit a claim the district court had already denied on the merits, he must first obtain permission from this Court before proceeding with his successive petition. 28 U.S.C. § 2244(b)(3)(A); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure."); *see also DeCaro v. United States*, 593 Fed.Appx. 605 (8th Cir. 2015).

This Court's appellate jurisdiction depends on whether Williams has been issued a certificate of appealability. *Lambros*, 404 F.3d at 1036 (citing *United States v. Vargas*, 393 F.3d 172, 174 (D.C.Cir. 2004)). As such, Williams must make "a substantial showing of the denial of a constitutional right" or his appeal should be dismissed. *Id.* Because Williams's 60(b)(6) motion was actually a successive request for habeas relief, the district court properly denied it because Williams did not have authorization from this Court to file it. *Id.* at 1037. As a result, Williams cannot make "a substantial showing of any error, much less

9

constitutional error," so this Court should deny the request for a certificate of appealability and dismiss the appeal. *Id.*; *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

Moreover, even if Williams's motion was a true 60(b)(6) motion and not a successive request for habeas relief, he would be required to first seek a certificate of appealability from the district court before doing so in this Court. Rule 11(a) Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals . . . ."). Williams did not seek a certificate of appealability from the district court after it denied his 60(b)(6) motion. Therefore, for either of these reasons, this Court should deny Williams's request for a certificate of appealability and dismiss the appeal.

## II. In the alternative, Williams does not meet the standard for filing a second or successive habeas petition.

The Court should deny the petition because it does not meet the requirements set forth in 28 U.S.C. § 2244(b). Williams's claim is a

10

repeated challenge that he has already presented to courts, unsuccessfully, or the claim is unsubstantiated and not legally relevant.

28 U.S.C. § 2244(b)(1) and (2) provide:

> (b) (1) a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

This Court has determined that "AEDPA imposes three requirements on second or successive habeas petitions." *Davis v. Kelley*, 854 F.3d 967, 970 (8th Cir. 2017) (quoting *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009)). AEDPA requires: (1) "any claim that has already been adjudicated in a previous petition must be dismissed", *id*.; (2) "any claim that has not already been adjudicated must be dismissed unless it

relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence", *id.*; and (3) "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Id.*

Williams's notice of appeal, by itself, does not make a prima facie showing that he can satisfy the requirements of § 2244(b). § 2244(b)(3)(C). To satisfy the § 2244(b) requirements, a petitioner must, at base, state a claim for relief. A claim involves both facts and substance, also described as law, such as a reference to "a specific federal constitutional right [or] a particular constitutional provision…" *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006) (discussing the "fairly present" requirement of the exhaustion doctrine). Williams does not cite any constitutional provision, nor does he identify some other right that is being violated. Williams's allegations, then, lack the "substance" requirement for a claim, and thus do not state a claim for relief.

Even if this Court finds that Williams has stated a claim for relief, via his motion in the district court below, his *Baston* claims, and their predicate facts, do not meet the standard in § 2244(b)(2)(B). Williams does not identify a factual predicate for his current claims that "could not have been discovered previously through the exercise of due diligence." § 2244(b)(2)(B)(i). Instead, Williams relies on former prosecutor Keith Larner's testimony in the recent RSMo § 547.031 (2021) action to assert his *Batson* violation claims. Williams does not show, or even state, why Larner's testimony, which presumably supplies the facts underlying his claims, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B)(ii).

To the extent Williams's current claim relates to the same *Batson* arguments raised before the recent RSMo § 547.031 (2021), action, Williams has presented these claims in a previous petition. The current petition, then, should be dismissed under § 2244(b)(1).

## Conclusion

This Court should dismiss Williams's appeal or, in the alternative, treat Williams's notice of appeal as an application for leave to file a second or successive habeas petition and deny that application.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Kirsten Pryde*

KIRSTEN PRYDE
Assistant Attorney General
Missouri Bar #76318

*/s/ Patrick Logan*

PATRICK J. LOGAN
Assistant Attorney General
Missouri Bar #68213

P.O. Box 899
Jefferson City, MO 65101
(573) 751-0843
(573) 751-2096 Fax
kirsten.pryde@ago.mo.gov
patrick.logan@ago.mo.gov
Attorneys for Respondent

## Certificates of Compliance and Service

I certify that:

1. This document complies the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,610 words.

2. This document complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2016 in Century Schoolbook 14.

3. This document was electronically filed through the CM/ECF system on September 20, 2024.

*/s/Kirsten Pryde*
KIRSTEN PRYDE
Assistant Attorney General
