**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **MARCELLUS WILLIAMS,** | ) | |
| | ) | **CASE NO. 24-2907** |
| **Petitioner-Appellant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAVID VANDERGRIFF,** | ) | **DEATH PENALTY CASE** |
| | ) | **EXECUTION SCHEDULED** |
| **Respondent-Appellee.** | ) | **9/24/24 at 6:00 P.M. (central)** |

**APPELLANT'S RESPONSE TO THE MOTION TO DISMISS**

After receiving an expedited briefing schedule from the Court, Appellee broke from the contours of that schedule and filed a Motion to Dismiss. Appellant now offers his response to the Motion to Dismiss.

A court always has the jurisdiction to consider whether jurisdiction exists. This Court possesses the authority to exercise its jurisdiction to determine its jurisdiction. This is because "federal courts have 'jurisdiction to determine jurisdiction,' that is, 'power to interpret the language of the jurisdictional instrument and its application to an issue by the court.'" *Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822,825 (8th Cir. 1980) (quoting *Stoll v. Gottlieb*, 305 U.S. 165, 171 (1938)); *see also Smith v. Armontrout*, 604 F. Supp. 840, 843 (W.D. Mo. 1984) ("It is well-settled that federal courts always have

1

Appellate Case: 24-2907     Page: 1     Date Filed: 09/20/2024 Entry ID: 5438462

jurisdiction to determine jurisdiction."). Appellant Williams's certificate of appealability challenges whether the district court correctly converted a 60(b)(6) into a successor. This question is reviewable by this Court and for the reasons previously asserted in his COA filing and the Stay, Appellant presents more than colorable arguments that a proper 60(b)(6) was pursued below and his habeas case should be reopened.

As an initial matter, the proper place for every argument Appellee made in their Motion to Dismiss is in their Response to Appellant's COA. This Court has the authority to consider all of Appellee's arguments, but does so in the context of determining whether to grant or deny Appellant's COA, not in the context of whether to throw out Appellant's COA altogether before undertaking a consideration of that appeal.

Bizarrely, what Appellee appears to suggest in filing their Motion to Dismiss is that because the district court has issued a decision, the whole process is over— no appeals can happen. If that is what Appellee is in fact suggesting should happen here, that offends the very nature of the justice system. Review of lower courts' decisions for possible error is the very *point* of an appeal and is a fundamental part of the way the American court system works. The process does not end once the

2

district court reaches a conclusion—the purpose of this Court is to examine that conclusion and determine whether jurisdiction properly existed below.

Traditionally, an appellee's response comes after the appellant files their appeal, or in this case, the COA. This Court's scheduling order set Appellant's COA to be due September 20th at 3:00 PM, and then Appellee's Response due on September 21st at 11:00 AM. Appellee instead filed their Motion to Dismiss before Appellant filed his COA and outside this Court's scheduling order. The Court's scheduling order allows for only one filing from Appellee—just one bite of the apple—not two. Appellant has filed their one filing, the Motion to Dismiss, and even though it was filed seemingly prematurely and almost 24 hours before the Court's deadline, this Court should regard the Motion to Dismiss as their Response.

Additionally, Appellee's complaint that Mr. Williams came to this Court too soon without securing a COA from the district court is puzzling. Appellee's suggestion that Mr. Williams was supposed to file something with the district court that Appellee says cannot be filed here is nonsensical. Setting that aside, Mr. Williams suspects had he filed a COA at the district court he would have been accused of delay.

3

The district court's failure to comply with Habeas Rule 11 is consistent with its haphazard approach to the discussion of *Batson v. Kentucky*, 476 U.S. 79 (1986) and the extraordinary circumstances test of *Buck v. Davis*, 580 U.S. 100 (2017), as fully described by Mr. Williams in his COA and Stay applications. Regardless, Mr. Williams asserts no error for the district court's failure and waives Habeas Rule 11's application here regarding the district court's responsibilities.

WHEREFORE, Mr. Williams respectfully requests this Court deny the Motion to Dismiss and proceed pursuant to the scheduling order issued to both parties.

4

Respectfully submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP, #40446
FAITH J. TAN, IL Bar #6342729
Federal Public Defender
Western District of Missouri
1000 Walnut Street, Suite 600
Kansas City, MO 64106
816-675-0923
laurence_komp@fd.org
faith_tan@fd.org

/s/ Kent E. Gipson
KENT E. GIPSON, #34524
Law Office of Kent Gipson, LLC
121 E. Gregory Blvd.
Kansas City, MO 64114
816-363-4400 • Fax 816-363-4300
kent.gipson@kentgipsonlaw.com

ATTORNEYS FOR PETITIONER

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.     This document contains 650 words and is within the word limit of Fed. R. App. P. 27(d)(2)(A).

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 and 14-point Times New Roman font.

*/s/Laurence E. Komp*
Attorney for Petitioner

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and sent to the following counsel of record for Respondent, Mr. Patrick J. Logan and Ms. Kirsten Pryde, Assistant Attorneys General, P.O. Box 899, Jefferson City, Missouri 65102, via the ECF system on this 20th day of September 2024.

*/s/Laurence E. Komp*
Attorney for Petitioner

6