# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2907

_____

Marcellus S. Williams,

*Appellant*,

v.

David Vandergriff,

*Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Filed: September 21, 2024

_____

Before COLLOTON, Chief Judge, SHEPHERD and KELLY, Circuit Judges.

_____

## <u>ORDER</u>

Appellant Williams's application for a certificate of appealability has been considered by the court and is denied. Williams has not shown that jurists of reason could disagree with the district court's conclusion that his motion under Federal Rule of Civil Procedure 60(b) was an unauthorized successive habeas application or that the issues presented are adequate to deserve encouragement to proceed further.

Appellate Case: 24-2907     Page: 1     Date Filed: 09/21/2024 Entry ID: 5438481

A Rule 60(b) motion advances a "claim" that was presented in a prior habeas application, and thus constitutes a successive application, if it "present[s] new evidence in support of a claim already litigated" or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). In his Rule 60(b) motion, Williams presented new evidence in support of a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), that was already litigated in 2010, and he attacked the district court's previous resolution of that claim on the merits. Williams maintains that the district court's ruling in 2010 denying his *Batson* claim did not resolve the claim on the merits because the district court applied 28 U.S.C. § 2254(d) and the deference required by the statute. That argument is contrary to *Gonzalez*, where the Supreme Court explained that "resolution of a claim on the merits" refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." 545 U.S. at 532 & n.4; *see Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009).

The appeal is dismissed. *See United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir. 2005). The motion for stay of execution is denied. The State's motion to dismiss is dismissed as moot.

Any petition for rehearing must be filed by 12:00 noon on September 22, 2024. If a petition is filed, then a response is ordered and must be filed by 5:00 p.m. on September 22, 2024.

KELLY, Circuit Judge, concurring.

On the narrow issue before us, I agree that neither a certificate of appealability nor a stay is warranted. Williams' requests do not satisfy the stringent standards required for this type of relief, and I concur in the court's judgment. However, I write separately because the concerns surrounding this case are not limited to the issues

-2-

presented here. Rather, they are much broader in scope and call into question the fundamental fairness of Williams' proceedings.

Starting with the issue raised in the requests for a certificate of appealability and a stay, Williams' allegation—a violation of *Batson v. Kentucky*, 476 U.S. 79 (1986)—raises the prospect that racial bias infected his trial from the start. Williams cites to August 2024 testimony from the original prosecuting attorney as evidence that race was a factor in striking at least one Black juror. This comes just a few months after the St. Louis County Prosecuting Attorney's Office filed a motion, pursuant to section 547.031 of the Missouri code,[1] to vacate judgment in Williams' case based in part on the assertion that there was "clear and convincing evidence" that the original prosecution team purposely and unconstitutionally excluded other potential Black jurors as well. As the Supreme Court has expressly stated, "[d]iscrimination on the basis of race, odious in all aspects, is especially pernicious in the administration of justice." *Buck v. Davis*, 580 U.S. 100, 124 (2017) (quoting *Rose v. Mitchell*, 443 U.S. 545, 555 (1979)). And "[r]elying on race to impose a criminal sanction 'poisons public confidence' in the judicial process." *Id.* (quoting *Davis v. Ayala*, 576 U.S. 257, 285 (2015)). The fact that both St. Louis County and Williams have raised this issue in more than one proceeding tells us it is a matter that—but-for the procedural bar—warrants further and careful examination. *See Buck*, 580 U.S. at 124; *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) ("We must continuously bear in mind that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" (citations omitted) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)).

---

[1]Pursuant to this recently enacted statute, a prosecuting or circuit attorney "may file a motion to vacate or set aside the judgment at any time if he or she has information that the convicted person may be innocent or may have been erroneously convicted." Mo. Ann. Stat. § 547.031.1 (West 2024). The prosecuting attorney or circuit attorney has the "right to file and maintain an appeal of the denial" of such a motion, and "[t]he attorney general may file a motion to intervene." *Id.* § 547.031.4.

-3-

Appellate Case: 24-2907     Page: 3     Date Filed: 09/21/2024 Entry ID: 5438481

According to the parties, the evidence in this case also looks different today than it did at the time of trial. Williams was not arrested until a year after the murder, when the only two witnesses to place Williams at the scene of the crime came forward. St. Louis County has pointed to recently discovered evidence that undermines the reliability of these witnesses, as well as to additional DNA testing results on the physical evidence. It asserts that this new evidence "casts inexorable doubt" on Williams' convictions and sentence and has represented that it is in the process of investigating "an alternative perpetrator in this matter."

As to a motion for stay,[2] we look to, among other things, any delay in seeking the requested relief. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006) ("A court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" (quoting *Nelson v. Campbell*, 541 U.S. 637, 650 (2004))). The request here comes late. The Missouri Attorney General blames Williams for the delay; and Williams counters that the Attorney General "engaged in dilatory tactics," at least as it relates to his section 547.031 litigation. But both parties have been involved in a complicated array of state and federal motions, petitions, and appeals. In a procedurally complex case such as this one, it would be difficult to conclude that delay is a reason to deny a stay here.

Nor does the threat of harm necessarily support denying a stay. It is true that we must "be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill*, 547 U.S. at 584. Here, however, the harm to the State's interest in less clear. As noted, in January 2024, St. Louis County filed a motion to vacate Williams' convictions and death sentence.

---

[2]The court denies Williams' motion for a stay because it denies his request for a certificate of appealability, but the considerations necessary to support a stay provide context for the proceedings in Williams' case.

-4-

When that motion was denied, St. Louis County and Marcellus Williams reached an agreement whereby Williams would enter an *Alford* plea to one count of first-degree murder and receive a sentence of life imprisonment without parole. According to the record, it is the victim's "family's desire that the death penalty not be carried out." The Attorney General then successfully challenged the parties' agreement. These circumstances do not portray a unified State interest. The threat of irreparable harm to Williams, in contrast, is "necessarily present." *See Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J., concurring) ("The [] requirement [] that irreparable harm will result if a stay is not granted [] is necessarily present in capital cases."). The harshest punishment available in our criminal justice system is at stake here. *Gregg v. Georgia*, 428 U.S. 227, 230 (1976) (Brennan, J., dissenting) ("Death is [] an unusually severe punishment, unusual in its pain, in its finality, and in its enormity[.]"). And I am not convinced that proceeding forthwith properly accounts for the real threat of irreparable harm.

I agree that we are foreclosed from granting Williams the relief he seeks in this court. While I remain deeply troubled by many aspects of the proceedings that have taken place thus far, there is nothing about our ruling today that rules out other potential avenues of relief for Marcellus Williams.

I reluctantly concur.

_____

Order Entered at the Direction of the Court:
Acting Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
/s/ Maureen W. Gornik

Appellate Case: 24-2907    Page: 5    Date Filed: 09/21/2024 Entry ID: 5438481